Farmers & Merchants Bank v. Farmers & Merchants Bank.

---

FARMERS & MERCHANTS BANK OF DEWITT, APPELLEE, V. FARMERS & MERCHANTS BANK OF WALTON, APPELLANT.

FILED APRIL 30, 1920.    No. 21024.

Appeal: AFFIRMANCE. When an issue of fact is submitted to a jury on instructions that fairly state the issue, and the verdict is supported by sufficient competent evidence, it will not be disturbed.

APPEAL from the district court for Lancaster county: WILLARD E. STEWART, JUDGE. *Affirmed.*

*T. J. Doyle,* for appellant.

*Strode & Beghtol, contra.*

MORRISSEY, C. J.

Defendant appeals from a judgment based upon two certificates of deposit issued by defendant to plaintiff. One certificate was for $2,200, dated May 21, 1914, and payable 30 days after date. The second was of the same date, payable in 60 days, and for the sum of $2,860. Defendant admitted the execution and delivery of the certificates, but alleged that they were issued pursuant to an agreement between the parties, whereby it was agreed that plaintiff should furnish to defendant the sum represented by the certificates, namely, $5,060, with which to pay certain dishonored checks of one Austin, and that upon payment by defendant of these checks plaintiff was to return the certificates of deposit to defendant. Defendant alleged that it paid the checks according to the agreement, and that it "received no consideration for the certificates other than the money to distribute to the payment of said dishonored checks."

In support of this allegation, defendant set out a contract between the Austin-Peterson Shoe Company, and DeRoy Austin, its secretary, as parties of the first part, and defendant bank and its cashier, J. R. Barger, parties of the second part, wherein it was agreed that in consideration of the obligations therein existing, and money loaned and to be loaned by the first party, Alex Franke was appointed agent and attorney in fact for the various mercantile concerns operated by the first party, and was authorized to take them over and operate them and to pay off the indebtedness, having full and general charge of all the business. It was further alleged that the overdrafts and dishonored checks of the Austin-Peterson Shoe Company and DeRoy Austin amounted to $5,060; that plaintiff agreed that if defendant would execute and deliver the certificates in suit to be held by plaintiff for the time stated in the respective

certificates, while the goods of the mercantile company were being converted into cash, plaintiff would surrender up the certificates to defendant; and that plaintiff would execute a writing evidencing the agreement alleged.  A writing in the following form is set out:

"Walton, Neb., May 21, 1914.  Received of Farmers & Merchants Bank, Walton, certificates of deposit for $2,200 for 30 days and one of $2,860 for 60 days which I agree to hold for time mentioned, unless sooner paid by receipts from stores of Austin-Peterson Shoe Co. as designated in agreement and assignment of Austin-Peterson Shoe Co., DeRoy Austin, Sec'y, of even date herewith in favor of Farmers & Merchants Bank, Walton, and Farmers & Merchants Bank, Dewitt, and L. A. Berge, J. R. Barger, Cashier.

"Farmers & Merchants Bank, Dewitt, Neb."

It is alleged that plaintiff fraudulently failed to incorporate in this receipt an agreement to return the certificates, and the court was asked to reform the same so as to include that stipulation.  The reply was a general denial of all allegations of new matter pleaded.

The first assignment of error deals with instruction No. 6 given by the court.  This instruction merely stated the measure of recovery in case the jury found for plaintiff.  We see no error in the instruction, and we assume it is not seriously urged, since it was not called to the attention of the trial court in the motion for a new trial.

Instruction No. 5 told the jury that, if they found that the money represented by the two certificates in suit was furnished by plaintiff for the purpose of paying the checks set out in defendant's answer, and that they were to be surrendered up under the conditions alleged by defendant, the verdict should be for defendant; but if they were not so satisfied from the evidence, and if the money represented by the certificates was in fact loaned to defendant, the verdict should be for plaintiff.  This instruction is criticized, but we find no error in it.  It appears to fairly state the issue, which defendant in its

brief sums up as follows: "The whole issue before the jury was: Were these certificates given under an agreement that in 30 and 60 days they would be returned when the dishonored checks were paid with the money paid for that purpose?"

There is complaint on the rulings of the court relating to the admission of evidence, and especially to the cross-examination of the cashier of defendant bank, but we find nothing in these assignments that . constitute prejudicial error. The whole question was one of fact, and the jury found against defendant. It may be conceded that there is sufficient dispute in the evidence to support the verdict had it been in favor of defendant, but there is also sufficient proof to support the verdict which the jury rendered.

AFFIRMED.

FLANSBURG, J., not sitting.